UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ASARCO, LLC, a Delaware limited )
liability company,              )      NO.  CV-12-0381-LRS
                                )
                   Plaintiff,   )   **ORDER DENYING DEFENDANT**
                                )   **CALLAHAN'S MOTION TO DISMISS**
        -vs-                    )
                                )
HECLA MINING COMPANY; WILLOW    )
CREEK MINERALS LLC; EQUINOX     )
RESOURCES (WASH.), INC.;        )
WASHINGTON RESOURCES LLC (a/k/a )
ATLAS MINE AND MILL SUPPLY,     )
a/k/a SUMERIAN MINING CO. OF    )
SPOKANE, a/k/a WASHINGTON       )
RESOURCES, INC.); and CALLAHAN  )
MINING CORP.,                   )
                                )
                   Defendants.  )
                                )

   **BEFORE THE COURT** is Defendant Callahan Mining Corp.'s ("Callahan")
Motion to Dismiss First Amended Complaint Pursuant to Fed.R.Civ.P.
12(b)(6), Ct. Rec. 25, filed on August 10, 2012, and telephonically
argued on November 8, 2012. Raymond Ludwiszewski participated on behalf
of Defendant Callahan; Gregory Evans participated on behalf of Plaintiff
Asarco, LLC. At the close of the oral argument, the Court took the
motion under advisement. Having considered the oral and written argument
of counsel, the Court enters this order denying the motion to dismiss.

## I. BRIEF STATEMENT OF THE CASE

   This is a civil action brought by Asarco pursuant to the
Comprehensive Environmental Response, Compensation, and Liability Act of
1980, as amended ("CERCLA" and "SARA"), 42 U.S.C. §§ 9601-9675
("CERCLA"). Asarco LLC ("Asarco") seeks contribution under Section
113(f) of CRECLA from Callahan for CERCLA response costs Asarco paid

ORDER - 1

under a settlement with the State of Washington ("Settlement") at the Van Stone Mine Site in northeastern Washington ("Site").

On August 9, 2005, Asarco filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On March 13, 2009, Asarco filed a motion in the Bankruptcy Court for approval of a settlement under which Asarco would pay the State of Washington State Department of Ecology $3.5 million to resolve its environmental liabilities at the Van Stone Mine Site ("Van Stone Mine Site Settlement"). The Van Stone Mine Site Settlement was approved by the Bankruptcy Court and United States District Court for the Southern District of Texas. The Van Stone Mine Site Settlement was to be funded upon court approval of a plan of reorganization.

On November 13, 2009, Asarco's Plan of Reorganization, under which Asarco would make full payment on its environmental claims as approved by the Bankruptcy Court, was approved by the District Court for the Southern District of Texas.  On June 5, 2009, the Bankruptcy Court issued its Order and Judgment Approving Amended Settlement Agreement Regarding Miscellaneous Federal and State Environmental Sites, which included the settlement with Ecology for the Van Stone Mine Site. (See ECF No. 27, Ex. 2 to Stafford Decl.)

On December 9, 2009, Asarco's Plan of Reorganization became effective, enabling disbursal of funds for environmental settlements, including funds for the Van Stone Mine Site Settlement. Asarco fully funded the Van Stone Mine Site Settlement as part of its reorganization. The Van Stone Mine Site Settlement appears to constitute a judicially

approved settlement which stems from enforcement action taken pursuant to Section 106 or Section 107 of CERCLA, 42 U.S.C. §§ 9606, 9607.

Asarco, having recently paid over $3 million to settle all of its environmental-related liability at the Site, filed a Complaint in this Court on June 5, 2012. Asarco alleges that its settlement included costs to clean up and control contamination allegedly associated with Defendants' historic activities. Plaintiff filed a First Amended Complaint on July 10, 2012. Answers to the Amended Complaint have been filed by Defendants Hecla Limited ("Hecla") and Washington Resources LLC. Hecla denies it is responsible for releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), into the environment at or from the Van Stone Mine at times relevant to this action. Further, Hecla answers that Asarco has not paid more than its equitable share of response costs. Finally Hecla states that Asarco has failed to prove its share, if any, of Asarco's overpayment, if any, of response costs. (ECF No. 41). Washington Resources answers that it is without sufficient information to admit or deny the allegations. (ECF No. 15). A scheduling conference has not been held in this case.

## II. DISCUSSION

### A.   Defendant Callahan's Motion to Dismiss

### 1.   Callahan's Arguments

Callahan argues that Asarco's settlement in bankruptcy for which it seeks contribution only resolved Asarco's own liability at the Site and CERCLA does not provide for contribution for payments that are not more than a party's fair share. Callahan asserts that Asarco did not pay more than its fair share in the settlement with Ecology for Van Stone Mine

ORDER - 3

Site.  Callahan argues that the settlement agreement does not state that Asarco is paying "costs to clean up and control contamination associated with Defendants' historic activities" as alleged by Asarco.  Rather Asarco is paying a "reduced" amount to settle its own liability.  Because Asarco has clearly neither funded the full site cleanup nor even paid its own entire liability for the Site, permitting this contribution action to continue puts Callahan at risk of making a contribution payment to Asarco and still being potentially liable to Ecology in a subsequent cost recovery action.

Second, Callahan argues that under *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004), Asarco has not alleged sufficient facts to support Callahan's responsibility for disposal of hazardous substances at the Site.  Callahan states the bare assertion that all defendants "disposed of, placed, released" hazardous substances at the Site fails to allege sufficient facts to state a claim.

Finally, Callahan argues that Asarco did not timely file the Complaint for contribution pursuant to the statute of limitations provided in 42 U.S.C. § 9613(g)(3)(B).  Section 113(g)(3)(B) provides the applicable limitations period for claims for contribution under CERCLA:

> "No action for contribution for any response costs or damages may be commenced more than 3 years after -- (B) the date of . . . entry of a judicially approved settlement with respect to such costs or damages."

42 U.S.C. § 9613(g)(3)(B).

Callahan points out that rather than the date of approval of Asarco's plan of reorganization (November 13, 2009), the date of approval of the Settlement (June 5, 2009) is critical for determination of the limitations period pursuant to 42 U.S.C. § 9613(g)(3)(B).  The Bankruptcy

ORDER - 4

Court issued its Order and Judgment Approving Amended Settlement Agreement Regarding Miscellaneous Federal and State Environmental Sites, which included the settlement with Ecology for the Van Stone Mine Site, on June 5, 2009. (ECF No. 27, Ex. 2 to Stafford Decl.).  Callahan concludes that Asarco could not commence an action for contribution more than three years after June 5, 2009.  Asarco filed its Complaint on June 5, 2012, which Callahan argues is the first day of the fourth year and is more than three years . . after the date . . . of entry of a judicially approved settlement.  For this reason alone, the action should be dismissed as untimely according to Callahan.

### 2.   Asarco's Opposition

As a party that has settled its liability for "some or all" of the response costs at the Site in a judicially approved settlement, CERCLA § 113(f)(3)(B) explicitly authorizes Asarco's contribution action against Callahan. 42 U.S.C. § 9613(f)(3)(B).  Asarco argues that neither the Bankruptcy Court nor any other court has determined that the $3.5 million paid by Asarco toward remediation is less than or equal to Asarco's equitable share of the total cost of cleaning up the Site, and Callahan admits that it has paid nothing toward Site cleanup.  Thus, it is up to this Court to determine the parties' equitable shares of liability under CERCLA.

Second, Asarco argues it has alleged specific facts regarding Callahan's historic activities at the Site, including the nature and extent of Callahan's mining-exploration activities that allegedly damaged the environment Asarco has paid to clean up. Asarco concludes that these specific and clear allegations satisfy the requirements of Fed.R.Civ.P.

8.  Asarco concludes it has alleged sufficient facts that Callahan is liable under CERCLA as an "owner or operator" of a facility during the period that hazardous substances were disposed of.  See 42 U.S.C. §§ 9607(a)(2), 9613(f)(3)(B).

As to the statute of limitations issue, Asarco asserts the original complaint was timely filed, within the applicable three-year statute of limitations. Even if the June 5, 2009 Settlement date triggered Asarco's statute of limitations under § 113(g)(3)(B), Asarco argues it has conformed to the requirements of Fed.R.Civ.P. 6(a) by timely filing its claim on June 5, 2012.

Asarco also argues that Callahan's request for judicial notice is improper because it relies only on unproven and disputed facts in an attempt to establish that Asarco has not paid more than its equitable share of liability at the Site. See ECF No. 26 at 12-16. In particular, Callahan relies on statements in the Settlement as well as assertions in a declaration submitted by the State of Washington in support of that Settlement ("Ecology Declaration"). ECF No. 26 at 14-15 (citing ECF No. 27-1, 27-3). Asarco concludes the statements in these documents are not appropriate for judicial notice because the assertions in the various documents are and always have been disputed.

Contrary to Callahan's assertions, the Bankruptcy Court did not determine Asarco's equitable share at the Site.  Instead, it approved the compromise documented in the Settlement.  ECF No. 26 at 13-16.  Asarco and the State agreed to an estimate of the State's allowable claim through a negotiated settlement for an amount between the "joint and several" position asserted by the State and the "equitable share"

ORDER - 6

position advanced by Asarco.  See ECF No. 27-1.  Asarco concludes that legal and factual issues must be adjudicated by this Court, which have never been adjudicated or conceded in any prior action or pleading—namely, the exact amount of Asarco's equitable share of liability at the Site and Callahan's contribution liability for Asarco's payments under the Settlement.

**B.  Legal Standard** – **Motion to Dismiss**

A cause of action may be dismissed under Fed.R.Civ.P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir.1989).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief, and it "does not need detailed factual allegations[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). A plaintiff must, however, set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 1965. Allegations must indicate the pleader has a right to relief, and they must rise above the level of mere speculation. *Id*. The pleading must at

least set forth factual grounds supporting a plausible basis on which liability can be imposed, or it must set forth enough facts "to raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Id*. Even if a court believes actual proof of the facts alleged is improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal. *Id*.

Nonetheless, dismissal can be granted if there is a lack of a cognizable legal theory or if there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Additionally, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

C.  **Analysis**

The Court denies Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) based on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007).  The allegations indicate Asarco has a right to relief, and Asarco's allegations rise above the level of mere speculation.  Even if this Court believes actual proof of the facts alleged is improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal.  *Twombly* at 1164.

ORDER - 8

Taking all of Plaintiff's allegations together, i.e., Amended Complaint paragraphs 10, 14, 16, 21, 24, 29, 30, and 38, the Court finds Plaintiff has sufficiently pleaded a CERCLA contribution claim. Plaintiff has plausibly alleged facts which suggest but do not prove that the Defendant Callahan may have legal liability herein. However, without basic discovery, Plaintiff cannot reasonably be expected to go further at this time. Plaintiff is not required at this stage in the litigation to state with any <u>extra</u> specificity the nature and extent, if any, Callahan may have contributed to the disposition of hazardous substances during the applicable period.

The Court finds the current state of the record is insufficient to determine whether the Bankruptcy Court Settlement resolved only Asarco's liability or whether it actually resulted in overpayment to which Asarco is entitled to seek contribution from others. Although Callahan was never pursued as a potentially liable party, that fact standing alone is insufficient to suggest that Callahan is immune from a contribution suit. Any doubts must be resolved in favor of the non-moving party.

The paperwork filed in the Bankruptcy proceeding suggesting that Asarco was 90% liable was never adopted by Asarco as a statement of fact and has to be considered in the context in which it was rendered, i.e., a compromise in bankruptcy. The Court agrees with the non-moving party in that the Bankruptcy documents are both hearsay and cannot be judicially noticed because they are subject to reasonable dispute. See *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.2001); FRE 201(b)(2).

ORDER - 9

Finally, although Callahan claims that the Complaint was not timely filed under *Cooper Industry*, the Court finds that case is not as clear as the Court would prefer.  Given the lack of cases on point in the Ninth Circuit Court of Appeals, the Court finds the better practice to follow in determining the Statue of Limitations in this case is to utilize Fed.R.Civ.P. Rule 6(a) as advocated in *Idaho v. Howmet Turbine Component Corp.*, 627 F.Supp. 1274, 1277 (D. Idaho 1986).

The Court concludes that whether Asarco paid only its portion of liability or overpaid with the right of contribution can only be determined after a hearing affording both parties the opportunity to present evidence dealing with the extent of Callahan's activities on the Site.  Additionally, after some discovery, the parties will have an opportunity to present evidence, if any, suggesting that toxic wastes were generated and deposited above ground which may have contaminated below-ground water as alluded to at oral argument.

**IT IS ORDERED** that Defendant Callahan's Motion to Dismiss, **ECF No. 25,** filed on August 10, 2012 is respectfully **DENIED** for the reasons stated above.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order.

DATED this 27th day of November, 2012.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 10