# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON AT SPOKANE

ASARCO LLC,

        Plaintiff,

  v.

HECLA LIMITED, et al.,

        Defendants.

NO. 2:12-CV-00381-LRS

**PROTECTIVE ORDER**

This matter came before the Court on the motion of the Plaintiff, Asarco LLC ("Asarco"), seeking entry of a protective order prohibiting dissemination of documentation pertaining to a settlement agreement between Asarco and Hecla Limited ("Hecla"). The Court has considered Asarco's motion, the Declaration of Steven G. Jones filed in connection with the motion and the documents attached to that Declaration, the Response to Asarco's motion from Defendant Callahan Mining Corporation ("Callahan"), and Asarco's reply memorandum. Based on the Court's review of those papers and the pleadings and files in this case, the Court deems itself fully advised and makes the following findings.

1.    Asarco and Hecla entered into a settlement agreement in December 2012 ("Settlement Agreement"). That Settlement Agreement settled claims asserted by Asarco against Hecla in three different actions: (1) this action; (2) *Asarco v. Hecla Limited*, District of Montana Case No. 4:11-CV-00023-GF-SEH; and (3) *Asarco v. Hecla Limited*, District of Montana Case No. 6:12-CV-00052-H-DLC.

2.Following the settlement between Asarco and Hecla, Asarco moved for dismissal of Hecla from this action, with prejudice. On January 23, 2013, the Court granted Asarco's motion, entering an Order Granting Plaintiff's Motion to Dismiss Defendant Hecla Limited With Prejudice (Dkt. No. 67).

3.On January 31, 2013, Callahan propounded its First Requests for Production on Asarco. Callahan's Request for Production No. 1 requests production of:

> All Documents that refer or relate to any settlement, agreement, or monetary recovery of any kind between [Asarco] and Hecla relating to the Site. This Request shall include, but not be limited to, the settlement referenced by [Asarco] in docket number 48, Case No. 12-CV-00381, and all drafts of that document.

4.Following receipt of Callahan's Requests for Production, Asarco filed its motion for protective order on February 28, 2013.

5.Based on the Court's consideration of Asarco's motion for protective order and the papers and evidence filed in connection with that motion, the Court finds that good cause exists to support entry of a protective order pursuant to Fed. R. Civ. Pro. 26(c). The Court grounds its determination that good cause exists on the following facts:

(a)The Settlement Agreement settles three separate actions. In one of those cases, *Asarco v. Hecla Limited,* District of Montana Case No. 4:11-CV-00023-GF-SHE, a stipulated protective order was entered by Judge Sam E. Haddon that prohibits dissemination of the Settlement Agreement.

(b)The Settlement Agreement contains a confidentiality provision that prohibits the parties to the Agreement from disclosing the terms of the Settlement Agreement.

Based on the Court's finding of good cause, the Court enters the following Protective Order:

A.  <u>Definitions</u>:  For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

   i.  "Counsel" shall mean the outside law firms who are counsel of record for Asarco and Callahan in this matter, including their staff and independent contractors, in-house counsel for Asarco and Callahan, and such legal, clerical, paralegal and secretarial staff employed or retained by outside counsel for the sole purpose of assisting in this litigation, and provided that each such firm or person not employed by the firm first agrees an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

   ii.  "Documents" shall mean tangible records produced for inspection in any form in this matter including, without limitation, printed matter, electronic media, or physical things.

   iii.  "Receiving Party" shall mean each party to this lawsuit that seeks or otherwise receives, but does not originate the Protected Information, together with their respective counsel, consultants, employees, and experts.

   iv.  "Protected Information" shall mean the Settlement Agreement and any communication, correspondence, drafts or other Documents pertaining to the negotiation, documentation and execution of the Settlement Agreement.  In addition to the Settlement Agreement, this Order will cover such additional Protected Information designated by both Asarco and Callahan pursuant to Paragraph B below.

B.  <u>Designations</u>:  Asarco and Callahan shall take reasonable steps to promptly designate information that either party desires to be protected under this Order.  Such steps shall include the following:

   i.  <u>Documents and Responses to Written Discovery</u>.  Each interrogatory answer or portion thereof, each answer to requests for admission or

portions thereof, and each page of a Document produced in this matter or portions thereof to the extent practical, which is deemed by Asarco or Callahan to disclose Protected Information shall be so identified specifically by Asarco or Callahan. Specific designation shall be accomplished with the name of the classifying party, e.g. "Plaintiff" or "Defendant," followed by "Protected Information." Unless otherwise agreed, the identification and designation of Protected Information shall be made at the time when the information is served or provided to a Receiving Party. The party providing the Protected Information shall be responsible for labeling such documents as required.

        ii.        <u>Depositions</u>. Deposition transcripts shall be treated initially as "Protected Information" in their entirety until 14 days after receipt of the official transcript (as distinguished from real time drafts), unless the parties expressly agree otherwise. Within 14 days after receipt of the official transcript, any party may designate portions of a deposition transcript as Protected Information. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting Protected Information. If portions of the transcript or exhibits were designated during the deposition, such designation remains in force and need not be reasserted. Information designated pursuant to this Protective Order shall retain its designation status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph. Subject to the provisions relating to inadvertent failure to designate, failure to designate testimony either at a deposition or within 14 days after receipt of the official transcript shall be deemed a waiver of the right to designate such testimony as Protected Information, but shall not affect the status of any other information, whether or not closely related.

        iii.        <u>Inadvertent Failure to Designate</u>. If, through inadvertence, a producing party provides any material containing Protected Information without designating the material as Protected Information, the producing party may

1 subsequently inform the Receiving Party in writing of the desired protected status of the material. The Receiving Party shall thereafter treat the disclosed material as so designated, in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to provide a written advisement to persons to whom disclosure was made prior to receipt of the designation of such status and of this Order, and shall request return of such information and all copies, but shall not otherwise be required to retrieve or take any action to protect such information or copies of documents disclosed prior to the receipt of the designation that the material constitutes Protected Information.

        iv.    <u>Contested Designations</u>. A party shall not be obligated to challenge the propriety of designating any Protected Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge. In the event that a party disagrees at any stage of these proceedings with the designation by the producing party of any Protected Information, or the restrictions on its disclosure, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, but the party designating information as protected shall bear the burden of proof that it should constitute Protected Information. Each party shall also have the right at any time to raise any request for relief and award of sanctions occasioned by any party's potential abuse of the protections in this Order. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. While Protected Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Protected Information to the extent and as to portions that are demonstrated to be either:

        (1)    In the public domain at the time of disclosure; or

   (2) Shown to be information a Receiving Party can establish, by previously existing documentary evidence, was lawfully in its possession prior to the time of disclosure.

 C. <u>Non-use</u>: Any Protected Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by any receiving party for any unrelated business, commercial, competitive or publicity purposes.  A receiving party shall not use any Protected Information for purposes of obtaining media attention or exposure or publicizing this litigation.  All obligations and duties arising under this Order shall survive the termination of this action.  This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order.

 D. <u>Disclosure of Protected Information</u>: Except by prior written consent of the producing party or pursuant to further order of this Court, Protected Information shall not be disclosed by the receiving party to: (i) the public, and (ii) any third person excepting only those third persons who reasonably need to have access to such information in connection with this action, but only to the extent and as to portions necessary to assist counsel in the prosecution or defense of this action, provided however, that each such third person first agrees an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

 E. <u>Court Personnel and Material Witnesses</u>: Subject to the acknowledgement obligations set forth below, nothing herein shall prevent disclosure to the following persons:

  i. The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

  ii. Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent and as to portions necessary to

assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness first signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

      iii.    Independent experts questioned by counsel of record for a party in connection with this action, but only to the extent and as to portions necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be the subject of their expertise, and provided that such independent expert first signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

      iv.    An author or pre-disclosure recipient of the material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent and as to portions necessary to assist counsel in the prosecution or defense of this action;

      v.    The claims representative of any insurer of any party to this action, but only to the extent and as to portions necessary for a claim for a defense or indemnity arising from this action and provided that such person first signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

      vi.    Any non-party individual or non-party employee individual, including potential witnesses, who has, or may have, discoverable knowledge related to the information under Fed. R. Civ. P. Rule 26, but only to the extent and as to portions necessary to assist counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such recipient first signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

F. <u>Obligations of Counsel</u>: It shall be the responsibility of counsel for the respective parties to ensure strict compliance with the provisions of this Protective Order in their dealings with Protected Information, and it shall be the responsibility of counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Protected Information as provided herein. All persons responsible for determining that discovery responses, Documents and depositions contain Protected Information shall be familiar with this Order and the scope of its protection. All Protected Information including any and all copies thereof shall be kept by counsel in a place appropriately safe, given its status.

G. <u>Protected Information and Filing Under Seal</u>: Any Protected Information filed by any party in connection with a non-dispositive motion shall be filed under seal and the Court hereby grants consent to such filing without the necessity of the filing party moving for a further order of this Court.

H. <u>Notice of Intent to File Protected Information in Connection with Dispositive Motion</u>: In the event that any party wishes to file any Protected Information in connection with a dispositive motion, that party shall provide all other parties and their counsel with ten (10) days prior notice before doing so. Once such notice has been provided, any party receiving the notice shall have seven (7) calendar days to present the Court with a showing that compelling reasons exist to prevent the disclosure of the Protected Information and requesting entry of an additional protective order by the Court covering that information in connection with the filing of a dispositive motion.

I. <u>Conclusion of the Litigation</u>. Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Protected Information shall,

upon request, provide copies of all executed Exhibit A documents and shall: (a) return all Protected Information and any copies thereof to the appropriate Counsel who produced the Protected Information; or (b) destroy such Protected Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by Counsel or any other person after production. Each party shall give written notice of such destruction to all Counsel.  Subject to the foregoing, Counsel may retain both a physical and electronic copy of any document containing Protected Information for archive purposes.  Counsel shall also provide all opposing parties with copies of all acknowledgment forms executed by persons pursuant to this Protective Order at any time upon request.

   J. <u>Non-waiver</u>:  The production of Documents or information by a party under the terms of this Order and in response to a request by any opposing party shall not be construed to mean that the party producing the Document or information has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any lawful basis.

   K. <u>Trial Procedures</u>:  The parties will jointly request that the Court implement appropriate procedures to protect Protected Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

   L. <u>Modification</u>:  Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually or electronic documents not identifiable in pages or screens) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

DATED this 27th day of March, 2013.

/s/ *Lonny R. Suko*

_____

Honorable Lonny R. Suko
United States District Court Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE**

| | |
|---|---|
| ASARCO LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>HECLA LIMITED, et al.,<br><br>             Defendants. | NO. 2:12-CV-00381-LRS<br><br>**PROTECTIVE ORDER ACKNOWLEDGMENT** |

**ACKNOWLEDGEMENT**

The undersigned acknowledges that he or she has read the referenced Protective Order entered by the Court in this action and agrees to be bound by its terms.

```
                              _____
                              (Signature)

                              _____
                              (Printed Name)

                              _____
                              (Date)
```